[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #157
The plaintiff, Henry Berry, filed a four-count amended complaint on July 17, 1997 against the defendants, Darlene Knight and Michael J. Knight Company.[1] The plaintiff alleges that on April 30, 1990, he and Darlene Knight were involved in a motor vehicle collision, which resulted in litigation. The plaintiff further alleges that during the course of that litigation, Darlene Knight misrepresented and concealed the extent of her insurance coverage to the plaintiff.[2]
The plaintiff now moves for summary judgment on the first count of the amended complaint on the ground that there are no genuine issues of material fact in dispute. The defendants have filed an objection to the motion for summary judgment.
"Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material CT Page 10775 facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.) Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 380-81, ___ A.2d ___ (1998).
The plaintiff argues that at the time of the collision, Darlene Knight was enroute to deliver paychecks to Michael J. Knight Co. The plaintiff contends that Darlene Knight, by failing to indicate what insurance Michael J. Knight Co. provided for its employees who are injured or cause injury during the course of their employment, misled the plaintiff concerning what insurance coverage she had available to her. The plaintiff has submitted a "Demand For Disclosure of Insurance" filed by his former attorney which does not indicate any possibility of coverage as an employee of Michael J. Knight Co. (Motion For Summary Judgment, Ex. A). The plaintiff has also submitted excerpts, presumably from Darlene Knight's deposition, wherein she testifies that she did the payroll for Michael J. Knight 
Co., and that she was delivering paychecks to Michael J. Knight 
Co. at the time of the collision. (Motion For Summary Judgment, Ex. B, pp. 9, 13).
The defendants argue that the plaintiff is now estopped from arguing that Darlene Knight had available to her additional insurance coverage as a result of being an employee of Michael J. Knight Co., since the issue of insurance coverage has already been fully and fairly litigated.[3] The defendants also argue that whether Darlene Knight either negligently or intentionally failed to disclose any and all available insurance presents a genuine issue of material fact. The defendants have submitted the affidavit of Darlene Knight in which she avers that the only insurance which would cover the plaintiffs' claims was an automobile policy issued to Michael Knight. (Objection to Motion For Summary Judgment, Affidavit of Darlene Knight).
Genuine issues of material fact do exist concerning whether Darlene Knight was an employee of Michael J. Knight Co. on April 30, 1990; if so, whether Darlene Knight was acting in the scope of that employment at the time of the collision; and if so, whether as an employee acting in the scope of her employment, Darlene Knight was entitled to additional insurance coverage which she negligently or intentionally failed to disclose to the plaintiff. Accordingly, the plaintiff's motion CT Page 10776 for summary judgment on the first count of the amended complaint is denied.
BALLEN, J.